UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.        -CIV-

MARCELO EZEQUIEL STRANO,

   Plaintiff,

v.

HUNTD, LLC.,
A Florida Limited Liability Company, and
DEARIN A. PRIESTER, an Individual.

   Defendants.

_____/

## PLAINTIFF'S INITIAL COMPLAINT

Plaintiff, MARCELO E. STRANO ("Plaintiff"), by and through his undersigned attorney, and hereby sues Defendants, HUNTD, LLC., a Florida Limited Liability Company, and DEARIN A. PRIESTER ("Defendants") as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1.  This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") and Florida Minimum Wage Act, as amended, Florida Statutes §448.110 ("FMWA").

## PARTIES

2.  Plaintiff, MARCELO E. STRANO, is an adult, male citizen of the United States who presently resides in Miami-Dade County, Florida.

3.  Defendant, HUNTD, LLC., a Florida Limited Liability Company, did at all times material, conduct substantial and continuous business in the Southern District of Florida.

1

4.  Defendant, DEARIN A. PRIESTER, is an adult, male citizen of the United States who presently resides in Miami-Dade County, Florida.

5.  Defendant, DEARIN A. PRIESTER owned, managed, and/or operated HUNTD, LLC., regularly exercised the authority to hire and fire employees, determine work schedules of employees, set rate of pay for employees, and control the finances and operations of HUNTD, LLC.

6.  The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C.  § 203(d) and s(1), in that it has employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

7.  Based upon information and belief, the annual gross sales volume of Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

8.  At all times material hereto, DEARIN A. PRIESTER is and continues to be a resident of Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

9.  At all times material hereto, the work performed by DEARIN A. PRIESTER was directly essential to the business performed by the Defendants.

10. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

11. At all times material, during DEARIN A. PRIESTER employment with the Defendants, the Defendants were engaged in interstate commerce or in the production of goods

2

for commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

13. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

14. On or about January 1, 2020, Plaintiff was hired by Defendants as the manager of Huntd, LLC.

15. Plaintiff worked for $9.00 an hour.

16. Plaintiff throughout his entire tenure working with Defendant from January 1, 2020, to November 02, 2021, Plaintiff worked fifty (50) hours a week.

17. Defendant did not pay Plaintiff any compensation for any hours worked during the period of March 7, 2021, to November 3, 2021, and worked approximately one thousand four hundred (1400) hours. During this time, Plaintiff was deprived of the amount of $12,600.00.

18. In addition to his salary, Plaintiff would receive a three (3) percent commission on all sales made in the store, in which Defendant did not pay. Plaintiff was deprived of the amount of $4,725.00 for unpaid commissions.

19. For Plaintiff's additional ten (10) hours at time-and-a-half for the hours worked over a 40-hour workweek, Plaintiff worked approximately three hundred fifty (350) overtime

hours during the period of March 7, 2021, to November 3, 2021. During this time, Plaintiff was deprived of the amount of $4,800.00 in unpaid overtime wages.

20. On September 30, 2021, the minimum wage was increased in the State of Florida to $10.00. Plaintiff was supposed to receive an increase in his compensation for the period of September 30, 2021, to November 3, 2021, but Huntd, LLC., failed to do so. As result, Plaintiff was deprived of $200.00.

21. Moreover, Plaintiff made multiple payments from his personal funds for Defendant's business expenses, including payments to consignors. Plaintiff incurred damages amount to at least $3,550.00, as a conservative estimate, and further discovery will be required to determine the entirely of Plaintiff's damages.

22. From March 7, 2021, to November 3, 2021, Defendant owes Plaintiff a total of unpaid wages, unpaid overtime wages, and commissions in the amount of $22,325.00 and his incurred damages in the amount $3,550.00.

23. Although the Defendants were able to keep track of hours worked by Plaintiff, the Defendants failed to pay Plaintiff at the overtime rate when working in excess of forty (40) hours a week, or any wages.

24. Plaintiff should have been paid on an hourly, non-exempt rate during the entire course of his employment with the Defendants.

25. Plaintiff is still owed for his unpaid wages, unpaid overtime wages, and commissions completed for Defendant during his entire employment period of March 7, 2021, to November 3, 2021.

## COUNT I: Violation of 29 U.S.C. § 207 (FLSA)

26. Plaintiff re-alleges and reincorporates paragraphs 1-25 as fully alleged therein.

27. During the period of on or about March 7, 2021, to November 3, 2021, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of ten (10) per week for which he was not compensated at the statutory rate of time and one-half.

28. Defendants failed to pay Plaintiff's unpaid wages and unpaid overtime wages in the lawful amount for hours worked by Plaintiff provided for in the FLSA.

29. At all times, Defendants willfully employed Plaintiff for many work weeks and failed and refused to compensate Plaintiff for such work.

30. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of unpaid wages and unpaid overtime wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

31. Defendants remain owing Plaintiff unpaid wages, unpaid overtime wages, and Plaintiff is entitled to recover double damages pursuant to the FLSA.

32. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to him are in the possession and custody of Defendants.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff when it knew or should have known such was due.

34. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendant's, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid wages and unpaid overtime wages plus an equal amount as liquidated damages.

37. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**Violation of Florida Statute 448.110 (Below Minimum Wage)**

38. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 to 25 as if fully restated herein.

39. Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA and FMWA.

40. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid wages and unpaid overtime wages plus an equal amount as liquidated damages.

**COUNT III**

**Violation of Florida Statute § 448.110 (Unpaid Wages)**

41. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 to 25 as if fully restated herein.

42. Plaintiff have earned unpaid wages which are owed and payable by Defendant pursuant to Florida Statute Chapter 448 and/or an agreement between the parties.

43. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment to Plaintiff as required by Florida

Statute Chapter 448 and/or an agreement between the parties, thereby engaging in unlawful Wage Theft.

44. As a result of Defendant's Wage Theft and failure to pay earned wages, Plaintiff has suffered damages, including wages, interest, and attorneys' fees.

**WHEREFORE,** Plaintiff respectfully request that judgment be entered in their favor against Defendants:

a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff unpaid compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Respectfully Submitted,

By: /s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com

**GALLARDO LAW OFFICE, P.A.**
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088